UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIM ROBERT DELAVERGNE,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON DEPARTMENT OF CORRECTION, WASHINGTON STATE, SUPERINTENDENT OF CORRECTIONS, MENTAL HEALTH, MENTAL HEALTH CLASSIFICATIONS STAFF, CUSTODY STAFF, GRIEVANCE COORDINATOR, DOC CHAPLAINS, WASHINGTON STATE GOVERNOR, WASHINGTON STATE AMERICANS WITH DISABILITY COORDINATORS, VETERANS ADMINISTRATION,<br><br>Defendants. | CASE NO. C13-5703 BHS/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

Before the Court for review is Plaintiff's complaint. ECF No. 6. The Court will not direct service of Plaintiff's complaint at this time because it is deficient, as is explained in further detail below.

**DISCUSSION**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."

ORDER TO AMEND OR SHOW CAUSE - 1

*Id*. § 1915A(b).  In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The Court has reviewed Plaintiff's complaint and finds that it must be dismissed because it does not comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure that "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562–563, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (*citing Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Plaintiff's complaint is illegible, confusing, and incoherent.  He names Washington State, the Department of Corrections and unidentified mental health classification staff, custody staff, grievance coordinators, chaplains, and "American with Disability Coordinators."  He also names the governor of Washington and the Veterans Administration.  Plaintiff's allegations are confusing and largely incomprehensible.  He fails to allege facts from which it may be inferred that it is the named defendants who allegedly violated his constitutional rights.  The Court cannot reasonably discharge its screening responsibility under § 1915A until Plaintiff complies with the pleading requirements set forth in Rule 8.

In addition, to avoid dismissal for failure to state a claim, Plaintiff must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-557, 127 S.Ct. 1955, 167 L.Ed.Ed. 929 (2007).  A claim upon which the court can grant relief has facial plausibility; in other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949.

The Court will grant Plaintiff an opportunity to file an amended complaint so that he may attempt to cure his deficient complaint. Plaintiff is advised that in order to state a claim under 42 U.S.C. § 1983, a complaint must establish "the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not provide a cause of action for violations of state law. *See Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001).

Plaintiff must clarify whether he has any basis for pursuing a claim under § 1983. In the amended complaint, Plaintiff must write out short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that person's conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). If the person named as a defendant was a supervisory official, Plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above), or Plaintiff must state, if he can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further harm to Plaintiff and also state facts to support this claim. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Plaintiff must repeat this process for each person he names as a defendant, including the "John Doe" and "Jane Doe" defendants. If Plaintiff fails to affirmatively link the conduct of

each named defendant with the specific injury suffered by Plaintiff, the claim against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed.

Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint **on or before September 27, 2013.** Plaintiff is advised that **he should list his claims in separately numbered paragraphs containing all relevant factual allegations relating to each separately numbered claim.**

The amended complaint shall be presented on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "First Amended Complaint" and must contain the same cause number as this case. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself without reference to the prior or superseded pleading. All causes of action alleged in the original complaint that are not alleged in an amended complaint are waived. *Forsyth,* 114 F.3d at 1474.

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed

on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service, a copy of this Order and the General Order.**

**DATED** this 20th day of August, 2013.

Karen L. Strombom
United States Magistrate Judge