UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIM ROBERT DELAVERGNE,

　　　　Plaintiff,

　　v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, WASHINGTON STATE, SUPERINTENDENT OF CORRECTIONS, MENTAL HEALTH, MENTAL HEALTH CLASSIFICATIONS STAFF, CUSTODY STAFF, GRIEVANCE COORDINATOR, DOC CHAPLAINS, WASHINGTON STATE GOVERNOR, WASHINGTON STATE AMERICANS WITH DISABILITY COORDINATORS, VETERANS ADMINISTRATION

　　　　Defendants.

CASE NO. 13-5703 BHS/KLS

ORDER DENYING MOTION FOR COUNSEL

Before the Court is Plaintiff's motion for the appointment of counsel. ECF No. 7. Having carefully reviewed the motion and balance of the record, the Court finds that the motion should be denied.

## DISCUSSION

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff requests the appointment of counsel because he is indigent and has been unable to find counsel to take his case. ECF No. 7. These are not exceptional circumstances. The Court has declined to serve Plaintiff's complaint at this time as it is deficient, but Plaintiff is being given an opportunity to amend his complaint. Based on Plaintiff's allegations, however, the Court notes that this is not a complex case involving complex facts or law. In addition, Plaintiff presents no evidence to show that he is likely to succeed on the merits of his case.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for counsel (ECF No. 7) is **DENIED.**

1  (2)   The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

2

3  **DATED** this 20th day of August, 2013.

4

5  Karen L. Strombom

6  United States Magistrate Judge